NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3339 |
| Plaintiff - Appellee, | D.C. No.<br>2:22-cr-00360-AB |
| v. | MEMORANDUM* |
| ARBI SETAGHAIAN SANGBARANI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted April 21, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District
Judge.**
Concurrence by Judge Friedland.

Defendant-Appellant Arbi Setaghaian Sangbarani appeals his conviction by

a jury on several counts of drug distribution and money laundering. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern
District of New York, sitting by designation.

We review the district court's formulation of jury instructions for abuse of discretion. *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014). The parties dispute whether we should review de novo because Defendant contends that the failure to give a requested instruction prevented him from presenting his theory of the case. *Id.* Because Defendant's arguments fail under either standard, we assume without deciding that de novo review applies to his jury instruction arguments. We review for abuse of discretion challenges to the district court's evidentiary rulings. *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007). We review de novo whether an evidentiary ruling rises to the level of a constitutional violation. *United States v. Pineda-Doval*, 614 F.3d 1019, 1032 (9th Cir. 2010). We review claims of a constructive amendment de novo. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006).

1. Defendant argues that the district court erred by refusing to instruct the jury that two cooperating witnesses had "received benefits" from the Government in exchange for their testimony against Defendant. Even assuming that was error, it was harmless because "there is no reasonable possibility that the error materially affected the verdict." *United States v. Pierre*, 254 F.3d 872, 877 (9th Cir. 2001) (citation omitted). The district court gave a "greater caution" instruction about both cooperating witnesses, the jury heard evidence that both witnesses pleaded guilty to participating in the alleged conspiracy, and that they were testifying under

cooperation agreements, a point that defense counsel emphasized in closing argument. The principal cooperating witness was also thoroughly impeached with his extensive criminal history, including convictions related to fraud and drugs.

2. Defendant contends that the district court erred by declining to allow him to impeach a cooperating witness with fraud convictions more than 10 years old and an uncharged burglary, and that preventing him from doing so violated his Confrontation Clause rights. Given that the witness's credibility had already been thoroughly impeached through cross-examination on other arrests, charges, and crimes involving false or fraudulent representations, barring the use of the stale convictions and uncharged conduct to impeach him was neither an abuse of discretion nor a denial of Defendant's right to conduct an effective cross-examination under the Confrontation Clause. *See Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) (explaining that convictions more than 10 years old are admitted "very rarely[,] and only in exceptional circumstances"); *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) (barring the admission of burglary convictions on the basis that they did not involve fraud or deceit).

3. Defendant argues that the district court erred by failing to give a "mere presence" instruction under Model Instruction 5.12 because the omission prevented him from adequately presenting his defense. But where, as here, the

"government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime," the trial court is not required to give the jury the "mere presence" instruction. *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282 (9th Cir. 1992).

4. Defendant contends that the district court erred by disallowing lay testimony by a defense paralegal, and by precluding the admission of a summary chart that she prepared. Neither evidentiary ruling was an abuse of discretion. Defendant was permitted to show the jury videos showing that, unlike the other acknowledged co-conspirators, Defendant wore no gloves and did not engage in any of the packaging or mailing activities. The paralegal was also permitted to testify that there were no videos in which Defendant either wore gloves or carried packages containing drugs. The information contained in the summary chart was largely irrelevant and would have added little probative information beyond what the jury obtained through the videos and paralegal testimony, so excluding the chart was appropriate. *See* Fed. R. Evid. 403; Fed. R. Evid. 1006. Similarly, "[t]he admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion," and there was no such clear abuse here in excluding further testimony by the paralegal. *United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014) (citation omitted).

5. Defendant argues that the district court abused its discretion by admitting evidence of certain Bitcoin deposits into his cryptocurrency account. But sufficient foundation was laid for the admission of these deposits given the testimony of the cooperating witnesses about the financial structure of the conspiracy and Defendant's role in that structure.

6. Defendant contends that the district court erred by giving Model Jury Instruction 4.9 on "deliberate ignorance," and by misstating that instruction. The district court did not abuse its discretion in giving the instruction because the jury could have rationally found that Defendant was aware that there was a high probability that the proceeds he received were the fruits of the crime and willfully blinded himself by deliberately avoiding learning the truth. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). The Government was permitted to argue actual knowledge and deliberate ignorance in the alternative. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1120 (9th Cir. 2013). The district court's misstatement of one word of the "deliberate indifference" instruction, when the jury received the correct version of those instructions on paper, did not prejudice Defendant, so it was nothing more than harmless error. *See United States v. Conti*, 804 F.3d 977, 981–82 (9th Cir. 2015).

Defendant also argues that the district court constructively amended the

indictment by giving a modified *Pinkerton* instruction that deviated from Model Jury Instruction 11.6.  Because no evidence was introduced at trial that anyone other than Defendant committed the unlawful money-laundering transactions, any divergence in the instructions from the indictment did not prejudice him or deny him any constitutional right.  *See United States v. Soto-Barraza*, 947 F.3d 1111, 1119 (9th Cir. 2020) ("We reject constructive amendment claims when the government does not introduce evidence at trial that would enable the jury to convict the defendant for conduct with which he was not charged." (citation modified)).

7.  Finally, Defendant contends that the cumulative effect of the errors raised requires reversal.  *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) ("Cumulative error applies where, 'although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant.'" (quoting *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996))).  Individually, collectively, and cumulatively, the errors advanced by Defendant do not warrant reversal of his conviction on any of the charges.

**AFFIRMED.**

*United States v. Sangbarani*, No. 24-3339

FRIEDLAND, Circuit Judge, concurring:

I concur in the memorandum deposition in full, but I write to acknowledge an argument made by Defendant about the cooperator agreements. Defendant argues that because the jury was not told that cooperator agreements generally provide a benefit to the cooperating witnesses in exchange for their favorable testimony, the jury's hearing that there were cooperator agreements did not undermine the witnesses' credibility. I agree with Defendant that the information the jury received would have had little meaning, so it does not factor into my evaluation of whether there was instructional error or whether any error was harmless. Still, even assuming it was error not to instruct the jury on the potential benefits to the cooperating witnesses, I believe the error was harmless for the other reasons explained in the disposition.